IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J.D. BELL,

          Petitioner,

    v.                             CASE NO. 14-3038-SAC

STATE OF KANSAS,
et al.,

          Respondents.

**MEMORANDUM AND ORDER**

This pro se petition for writ of habeas corpus was filed by a Kansas inmate pursuant to 28 U.S.C. § 2254. The filing fee has been paid. Having examined the materials filed and the procedural history of this case, the court invites respondent to file a Response to this Order or a "Pre-Answer Motion to Dismiss" based upon the untimeliness of the instant application.

Petitioner has filed a Motion for Hearing (Doc. 2). There is no entitlement to a hearing in a federal habeas corpus action. However, the court will set the matter for hearing if it later determines that a hearing is necessary. There has been no such determination at this juncture. Petitioner's motion is denied, without prejudice.

*BACKGROUND*

The court takes judicial notice of the opinions of the Kansas

1

Court of Appeals (KCA) that discussed and rejected petitioner's several and repeated challenges to his criminal history score in the state courts: *State v. Bell*, 107 P.3d 1262, 2005 WL 638089 (Kan.App. Mar. 18, 2005)(hereinafter *Bell I*); *State v. Bell,* 185 P.3d 326, 2008 WL 2424493 *(*Kan.App. June 13, 2008)(hereinafter *Bell II*); *State v. Bell*, 235 P.3d 1267, 2010 WL 3063168 (Kan.App. July 30, 2010)(hereinafter *Bell III)*. These three KCA opinions together with the allegations in the petition and attachments indicate the following procedural history.

In 2003, petitioner was charged with first degree murder. He pled guilty and was convicted in the District Court of Wyandotte County, Kansas of one count of second degree murder. At his plea hearing, "the State indicated its expectation that Bell would have a criminal-history score of H, meaning that he had no felony convictions at all." *Bell II* at *1. Mr. Bell was initially represented by Charles Ball. Mr. Ball testified in subsequent post-conviction proceedings "that he questioned defendant concerning his criminal history several times," and "on each occasion, defendant indicated he had no prior felonies and only one or two prior misdemeanor convictions. It turned out defendant had 19 prior misdemeanors, including 3 person misdemeanors." *Bell I* at *1. K.S.A. 21-4711(a) generally provided that "3 misdemeanor convictions are treated as 1 felony conviction; 3 person misdemeanors become 1 person-felony conviction." *Bell II* at *1. In the

presence investigation report (PSI), "three of Bell's misdemeanors that were municipal assault convictions from Kansas City, Missouri" were grouped together as one person felony conviction. *Bell III* at *1. The report thus assigned Mr. Bell a criminal history score of "D".

After the PSI was filed and before sentencing Mr. Bell's new attorney Mr. Lubow objected to his criminal history score and filed a motion to withdraw plea. "Bell's initial objection to the criminal history score was a general one, essentially requiring that the State prove the prior convictions." [T]he State presented testimony from the presentence investigator . . . that he had verified each of the three person misdemeanors." *Bell II* at *1. After that testimony, Bell's attorney at the hearing "withdrew the objection to Bell's criminal-history score." *Id.* The court denied Bell's motion to withdraw his guilty plea. On August 29, 2003, petitioner was sentenced to 267 months in prison.

Mr. Bell appealed the denial of his motion to withdraw plea. In March 2005, the Kansas Court of Appeals affirmed the district court's denial. *BELL I* at * 1. The KCA rejected Bell's claim that "the trial court abused its discretion in refusing to allow a withdrawal of his plea because trial counsel was ineffective in failing to accurately predict his criminal history score." *Id.* On June 9, 2005, the Kansas Supreme Court (KSC) denied review (Kan. App. Case No. 91767).

3

Mr. Bell alleges that "in the interim" on November 30, 2004, he filed a pro se motion to correct illegal sentence pursuant to K.S.A. 22-3504, and that "the record does not reflect that the District Court had previously made a ruling on this motion."[1]

The KCA found that "Bell next objected to the criminal history in his motion to correct an illegal sentence on February 9, 2006." *Bell II* at *1; *Bell I* at *1. Petitioner likewise alleges that following his appeal in Case No. 91767, his new counsel filed a motion to correct illegal sentence claiming that Bell's criminal history score was incorrect and that the Missouri misdemeanor convictions for assault could not be aggregated to form a felony. The district court denied this motion, and petitioner appealed to the KCA, which in Kan.App. Case No. 97986 again affirmed his sentence. The KCA noted that Mr. Bell had "once again changed the basis for his objection" to his criminal history score and rejected his claim "based on the important rule that new issues may not be raised for the first time on appeal." *Bell II* at *1. The KSC denied review on November 4, 2008.

Bell alleges that on October 10, 2006, two years prior to conclusion of the foregoing appeal, he filed a pro se "motion for

---

[1] However, Mr. Bell attaches to his petition pages of a transcript in which the district judge stated: "Counsel remarks in his brief that there were several motions that hadn't been addressed by the district court and I take some issue with that based upon the docket sheet." *Petition* (Doc. 1-1) at pg. 4. The court specifically recounted that "on May 25th of '05, the defendant . . . filed a motion to dismiss his motion to correct an illegal sentence and I granted the same." *Id.*

4

Relief from Judgment or Order from the District Court"[2] and the record does not reflect that this motion was "then addressed" by the courts. Following the conclusion of Case No. 97986, Mr. Bell filed another pro se motion to Correct Illegal Sentence, and alleges that "both motions" were summarily denied in a Memorandum Opinion dated April 21, 2009. He appealed this denial, and the KCA affirmed in App. Case No. 102457.[3] The KSC denied review on October 20, 2010.

On July 22, 2011, petitioner filed a motion to Correct Illegal Sentence. The state district court granted a hearing but denied petitioner's request to appear with his attorney and denied the

---

[2] However, in petitioner's attached transcript pages, the judge recounted that Mr. Bell had filed "if not a motion to correct an illegal sentence, a motion for a relief from judgment, which occurred at the time the case was under appeal," and "the Court dismissed the same since the case was under appeal." *Doc. 1-1* at pg. 13. The KCA found in a subsequent appeal: "Bell admits this claim was actually put forth in the motion for relief from judgment filed while the prior appeal (91767) was pending. The claim was not raised in the motion that is the subject of this appeal." *Bell III* at *3.

[3] The KCA summarized the three issues raised "this time" as follows:

> First, the court erred when it denied his motion to correct an illegal sentence. Second, all of his counsel were ineffective for not investigating and challenging the court's use of the Missouri misdemeanor convictions to enhance his criminal history score and, thus, lengthen his sentence. Finally, the court failed to make required findings of fact and conclusions of law.
>
> * * *
>
> Bell raises three challenges to his criminal history on appeal. First, he argues that the district court illegally permitted a Missouri municipal conviction for attempted assault to be aggregated with the other convictions to form a person felony. Next, Bell argues that two of his Missouri convictions were entered before a statutory change in Kansas allowed convictions for municipal ordinance violations to be included in criminal history scores. Finally, Bell asserts that the district court erred in summarily rejecting his claim that two of the Missouri convictions were entered without the aid of counsel.

*Id.* at *2-*3.

motion. Petitioner appealed, and on September 21, 2012, in App. Case. No. 106901 the KCA summarily affirmed the district court's decision. In its summary order of affirmance, which petitioner has attached to his petition [(Doc. 1-1) at pg. 9], the KCA stated:

> It is clear from the record, the briefs and appellant's response to our show-cause order that this is the third motion to correct an illegal sentence filed in this case by appellant. Any sentencing issues that could have been raised, should have been raised in those two prior motions.

This court takes judicial notice of the appellate court docket for Case No. 106901 showing that a Petition for Review was denied on August 29, 2013.

The instant federal habeas corpus petition was electronically filed on March 3, 2014.

### *SCREENING*

The federal courts are to review habeas corpus petitions promptly and must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases (hereinafter Habeas Rule).

### *TIMELINESS*

This action is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA imposes a one-year limitation period for filing a petition for habeas corpus relief in federal court. *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999). The limitation

6

period runs from the latest of:

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)- (D).

The limitation period is tolled during the pendency of a properly-filed, pertinent state post-conviction motion. 28 U.S.C. § 2244(d)(2). In addition, the limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Such tolling is appropriate only if the petitioner demonstrates both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way", preventing him from timely filing the petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Otherwise, petitioner can avoid the time bar of the one-year period only by showing his actual innocence. *McQuiggin v. Perkins*, \_\_\_ U.S. \_\_\_, \_\_\_, 133 S.Ct. 1924, 1931 (2013).

7

The court finds from its initial review of the petition and based upon the foregoing chronology that Mr. Bell's federal habeas petition appears to have been filed after the one-year statute of limitations expired in his case. Mr. Bell was sentenced in 2003, and did not file a direct appeal of his conviction. It might thus be technically held that his conviction became "final," as that term is used in § 2244, in 2003. However, establishing the precise date on which petitioner's conviction became final is not crucial in this case since it further appears that Mr. Bell initiated various types of state post-conviction motions and proceedings, which the court assumes were pending from the time he was sentenced in 2003 through his third collateral appeal that was completed on October 20, 2010.

On October 20, 2010, petitioner no longer had any state tolling-type motions pending. It follows that the one-year federal statute of limitations began running on this date. The limitations period ran without interruption until Mr. Bell filed his motion to correct illegal sentence on July 22, 2011. Upon the filing of this motion, assuming it was proper, the statute of limitations was again tolled. However, 275 days of the one-year limit had expired, and 90 days remained. The state proceedings on this motion were completed on August 20, 2013.

For the second time, Mr. Bell had no tolling-type motion pending. It follows that the running of the limitations period recommenced on August 20, 2013. The time period ran uninterrupted

8

until it expired 90 days later on November 18, 2013. As noted petitioner did not file his federal habeas corpus petition until March 3, 2014, which was over 3 months after the applicable time limit had already expired.

Mr. Bell declined to discuss the timeliness issue in his petition apparently believing his application was timely. Thus, he has alleged no facts that might justify equitable tolling.

***RESPONDENT INVITED TO FILE PRE-ANSWER MOTION TO DISMISS***

"District courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006).[4] However, "the issues relevant to timeliness may not all appear on the face of a motion

---

4   See *U.S. v. Bendolph*, 409 F.3d 155, 164-65 (3rd Cir. 2005)("[A]ll of the courts of appeals that have considered the issue agree that courts do possess a sua sponte power to raise the limitations issue.")(citing *see, e.g., Hill v. Braxton*, 277 F.3d 701, 705-06 (4th Cir. 2002)("Even though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses sua sponte . . . . We agree with our sister circuits that have determined a district court has the power to raise the limitations defense [to a § 2254 petition] sua sponte."); *Jackson v. Sec'y for the Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002)(per curiam)("we hold that the district court possessed the discretion to raise sua sponte the timeliness issue"); *Acosta v. Artuz*, 221 F.3d 117, 124 (2nd Cir. 2000)(holding "a district court has the authority to raise the AEDPA statute of limitations on its own motion"); *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999)("In holding that Fed.R.Civ.P. 8(c) does not bar sua sponte consideration of the AEDPA's statute of limitations provision, we follow a long line of precedent establishing the authority of courts to raise non-jurisdictional defenses sua sponte in habeas cases."); *see also Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir. 2001)("The district court . . . had the authority to raise the [AEDPA] statute of limitations sua sponte."); *Nardi v. Stewart*, 354 F.3d 1134, 1141 (9th Cir. 2004)(reaffirming *Herbst's* holding that a district court may raise sua sponte the limitations defense, but narrowing the time period in which the court can do so); *Scott v. Collins*, 286 F.3d 923, 928-31 (6th Cir. 2002)(holding Rule 4 does not give a district court "continuing" power to dismiss sua sponte after the Rule 4 period ends)).

9

or petition, and for this reason courts should give notice that a limitations problem may exist, as well as provide an opportunity for a habeas movant or petitioner to respond." *Bendolph*, 409 F.3d at 165 n. 15 (citing see, e.g., *Hill*, 277 F.3d at 707; *Acosta*, 221 F.3d at 121). Furthermore, when a district court sua sponte considers the timeliness of a petition, it should "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interest of justice would be better served by addressing the merits or by dismissing the petition as time barred." *Id*. "[B]efore acting on its own initiative (to dismiss a petition as untimely,) a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210.

Habeas Corpus Rule 4 provides that if summary dismissal has not been ordered upon the court's initial review of the petition, "the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate." The Advisory Committee Note to Rule 4 indicates that this provision is designed to afford the judge flexibility in a case where either dismissal or an order to answer may be appropriate. *Ebert v. Clarke*, 320 F.Supp.2d 902, 905 (D.Neb. 2004). The district court has discretion to order respondents to file a response or a motion to dismiss as one of the "other actions" which the court may allow, including the discretion to permit the filing of a motion to dismiss before a respondent files

10

an answer.[5] *Williams v. Breslin*, 274 F.Supp.2d 421, 425 (S.D.N.Y. 2003); *Rouse v. Lee*, 339 F.3d 238, 253 n. 17 (4th Cir. 2003). The judge may authorize the respondent to file a motion to dismiss based upon information furnished by respondent in situations where a dismissal may be warranted on procedural grounds and in this fashion avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition.[6]

The court finds that it is in the interests of judicial economy to direct respondent to address the procedural issue of the statute of limitations prior to responding to the merits of the petition filed in this case. *Ebert*, 320 F.Supp.2d at 905. The court thus directs respondents herein to file either a limited Response or a "Pre-Answer Motion to Dismiss" in which it addresses the statute of limitations issue. Pursuant to Habeas Corpus Rule 5(c), respondent should provide only those state court records that are relevant to the statute of limitations issue.

**IT IS THEREFORE BY THE COURT ORDERED** that respondent is granted thirty (30) days in which to file either a Response or a Pre-Answer

---

5   Respondent's motion to dismiss would presumably be brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) motions may be permitted in habeas proceedings commenced under § 2254 because such motions are not inconsistent with the Rules Governing Section 2254 Cases. *See* Fed.R.Civ.P. 81(a)(2)("These rules are applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such proceedings is not set forth in . . . the Rules Governing Section 2254 Cases.").

6   The court likewise has discretion to grant a request by respondent to file a motion to dismiss or for summary judgment. While Rule 12(b)(6) does not allow a district court to consider matters outside the pleadings, the court may take judicial notice of documents filed in other courts without converting a motion to dismiss into one for summary judgment under Rule 56.

Motion to Dismiss addressing the timeliness of this petition.

**IT IS FURTHER ORDERED** that petitioner is granted thirty (30) days following his receipt of respondent's Response or Motion to Dismiss to file a Reply.

**IT IS FURTHER ORDERED** that petitioner's Motion for Hearing (Doc. 2) is denied without prejudice.

A copy of this order shall be transmitted to respondent, to petitioner, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED: This 8th day of April, 2014, at Topeka, Kansas.

<u>s/ Sam A. Crow</u>
**U.S. Senior District Judge**