IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J.D. BELL,

                Petitioner,

      v.                             CASE NO. 14-3038-SAC

STATE OF KANSAS,
et al.,

                Respondents.

**MEMORANDUM AND ORDER**

The court screened this pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and entered a Memorandum and Order (M&O) finding that this application appeared to be time barred.[1] Respondents were directed to file a limited Response addressing the timeliness issue, and petitioner was granted thirty (30) days thereafter to file his Reply. Respondents filed their Response (Doc. 10) together with the state court records and request dismissal of this action based

---

[1] As petitioner was informed, the statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1), as follows:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The "limitation period shall run from" the "latest of" four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute provides, however, for tolling of the statute of limitations during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2244(d)(2).

1

on petitioner's failure to timely file this application. The time in which petitioner was to reply has expired with nothing further received from him.

In its prior M&O, the court took judicial notice of *State v. Bell*, 107 P.3d 1262, 2005 WL 638089 (Kan.App. Mar. 18, 2005)(hereinafter *Bell I*); *State v. Bell,* 185 P.3d 326, 2008 WL 2424493 *(*Kan.App. June 13, 2008)(hereinafter *Bell II*); *State v. Bell*, 235 P.3d 1267, 2010 WL 3063168 (Kan.App. July 30, 2010)(hereinafter *Bell III)*. The court then set forth tentative facts regarding the procedural history of this case based upon these opinions and the petition. Mr. Bell has not objected to or offered any facts to contradict these preliminary findings. Nor has he contradicted the procedural history with citations to the record set forth in the Response. Having considered all the materials in the file, the court finds the following relevant facts and based thereon dismisses this action as time barred.

In 2003, petitioner was charged with first degree murder, but pled guilty and was convicted in the District Court of Wyandotte County, Kansas, of second degree murder. At his plea hearing, "the State indicated its expectation that Bell would have a criminal-history score of H, meaning that he had no felony convictions at all." *Bell II* at *1. Mr. Bell was initially represented by Charles Ball. Mr. Ball testified in subsequent post-conviction proceedings "that he questioned

defendant concerning his criminal history several times," and

> on each occasion, defendant indicated he had no prior felonies and only one or two prior misdemeanor convictions. It turned out defendant had 19 prior misdemeanors, including 3 person misdemeanors.

*Bell I* at *1. In the presentence investigation report (PSI), "three of Bell's misdemeanors that were municipal assault convictions from Kansas City, Missouri" were grouped together as one person felony conviction.[2] *Bell III* at *1. The report thus assigned Mr. Bell a criminal history score of "D".

After the PSI was filed and before sentencing Mr. Bell's new attorney Mr. Lubow objected to his criminal history score and filed a motion to withdraw plea. "Bell's initial objection to the criminal history score was a general one, essentially requiring that the State prove the prior convictions." *Bell II* at *1. "[T]he State presented testimony from the presentence investigator . . . that he had verified each of the three person misdemeanors." *Id.* After that testimony, Bell's attorney at the hearing "withdrew the objection to Bell's criminal-history score." *Id.* The court denied Bell's motion to withdraw his guilty plea on January 9, 2004. Petitioner was sentenced to 267 months in prison. Mr. Bell appealed the denial of his motion to

---

[2]  K.S.A. 21-4711(a) generally provided that "3 misdemeanor convictions are treated as 1 felony conviction; 3 person misdemeanors become 1 person-felony conviction." *Bell II* at *1.

withdraw plea,[3] and the Kansas Court of Appeals affirmed the district court's denial. *BELL I* at *1. The KCA rejected Bell's claim that "the trial court abused its discretion in refusing to allow a withdrawal of his plea because trial counsel was ineffective in failing to accurately predict his criminal history score." *Id.* On June 9, 2005, the Kansas Supreme Court (KSC) denied review. Respondents characterize these proceedings as petitioner's direct appeal.

On September 7, 2005, the ninety-day period in which petitioner could have sought a Writ of Certiorari in the United States Supreme Court expired. Petitioner's conviction became "final" as that term is used in § 2244(d) on that date. As a result, the one-year time limit within which petitioner was required to file a federal application commenced running on September 7, 2005. It ran unimpeded until Mr. Bell filed his first state post-conviction motion on February 9, 2006, which tolled the running. The court now finds that 155 days of the 365-day time limit expired before petitioner filed his first tolling-type motion.[4]

---

[3] In this first state post-conviction motion, "Bell next objected to the criminal history" by filing "his motion to correct an illegal sentence" in the trial court. Bell II at *1; Bell I at *1. He claimed that his score was incorrect and that the Missouri misdemeanor convictions for assault could not be aggregated to form a felony.

[4] In its prior M&O, the court noted that Mr. Bell had alleged that "in the interim" on November 30, 2004, he filed a pro se motion to correct illegal sentence pursuant to K.S.A. 22-3504, and that "the record does not reflect that the District Court had previously made a ruling on this motion."

4

Petitioner's first post-conviction motion, which was to correct illegal sentence, was denied by the trial court on September, 1, 2006. One week later, petitioner appealed to the KCA.[5] The KCA affirmed the denial.[6] The KSC denied review on November 4, 2008. Because these state collateral proceedings

---

However, the court also noted that Mr. Bell had attached transcript pages in which the trial judge "specifically recounted that "on May 25th of '05, the defendant . . . filed a motion to dismiss his motion to correct an illegal sentence and I granted the same." *Petition* (Doc. 1-1) at 4. The state court record provided by respondents indicates that on December 27, 2004, petitioner filed a pro se "Motion to Dismiss the Motion for Illegal Sentence" and on May 25, 2005, "Defendant's Motion to Dismiss his Motion to Correct an Illegal Sentence" was granted. Trial Transcript Vol. VI (Motion Hearing) at 13. Based upon petitioner's own exhibit and the state court records, the court finds that this "interim" motion was ruled upon in May 2005. Furthermore, the court finds that the pendency of this motion is of no import here because it was filed and dismissed during the time that the limitations period was already tolled for petitioner's direct appeal.

[5]  On October 10, 2006, while petitioner's direct appeal was pending and he was represented by appellate counsel, he filed a pro se motion for relief from judgment in the trial court. He claims that the record does not reflect that this motion was "then addressed." Respondents contend that the state district court lacked jurisdiction to consider this motion because the matter was on appeal. They also cite the trial judge's recollection, stated at a hearing in September 2011, that he lacked jurisdiction over this motion due to the appeal and that he had considered Bell's "motion for relief from judgment" and "dismissed the same." Even if the trial court's dismissal of this motion is not an entry upon a state court docket, the record adequately reflects that it was dismissed. In any event, the court agrees with respondents that this was not a "properly filed" state post-conviction motion. The court concludes that petitioner has not shown that he is entitled to additional statutory tolling due to the pendency of this motion.
  Moreover, even if the court accepted Bell's allegation that this pro se motion for relief from judgment was not "then addressed" and found it was a proper motion, Bell's own allegation that it was denied on April 21, 2009, would entitle him to no more than 84 additional days of tolling. Specifically, Mr. Bell alleges that after the conclusion of his first state collateral appeal, he filed another pro se motion to Correct Illegal Sentence and that "both motions" were summarily denied in a Memorandum Opinion dated April 21, 2009. Since, the instant petition was filed over six months later, this would not be sufficient to render it timely.

[6]  The court noted that Mr. Bell had "once again changed the basis for his objection" to his criminal history score and rejected his claim "based on the important rule that new issues may not be raised for the first time on appeal." *Bell II* at *1.

5

were no longer pending, the federal statute of limitations began running again at that time. It ran unimpeded for 84 days,[7] so that by this date a total of 239 limitation-period days had expired.

On January 27, 2009, petitioner filed his second motion to correct illegal sentence in the trial court, which was denied. He appealed, the KCA affirmed, and the KSC denied review on October 20, 2010. The limitations period recommenced at this time and ran unimpeded until it expired 126 days later, which was on January 24, 2011.

Petitioner filed a third motion to correct illegal sentence in the trial court on July 22, 2011, which he also appealed. However, these proceedings had no tolling effect because the statute of limitations expired before it was filed. This court takes judicial notice of the appellate court docket for Case No. 106901 showing that a Petition for Review was denied on August 29, 2013. Six months later, the instant federal habeas corpus petition was electronically filed on March 3, 2014.

The court concludes based upon the foregoing facts that Mr. Bell's federal application was filed after the one-year statute of limitations had already expired in his case. Mr. Bell was informed in the prior M&O of the court's finding that the

---

[7] In its prior M&O, the court mistakenly found that 53 instead of 84 days had elapsed. Its correction is reflected here and in the date on which it finds that the limitations period expired.

petition appeared to be untimely. He was also informed of the standards for establishing equitable tolling and that his only other recourse would be to show his actual innocence. However, petitioner did not take the opportunity to reply. Consequently, petitioner has presented no facts indicating that he is entitled to equitable tolling or that he is actually innocent, and the court finds none in the record. The court concludes that this action must be dismissed for the reason that it was not filed within the time limit set forth in 28 U.S.C. § 2244(d).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473 (2000)(citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the court's ruling is based on procedural grounds, a petitioner must demonstrate that

7

"jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. The court finds that a certificate of appealability should not issue in this case. Nothing suggests that the court's ruling resulting in the dismissal of this action as time barred is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently.

**IT IS THEREFORE BY THE COURT ORDERED** that this petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

**IT IS SO ORDERED.**

DATED: This 21st day of October, 2014, at Topeka, Kansas.


                                    s/ Sam A. Crow
                                    U.S. Senior District Judge